**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| SHIWA NAHADI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRITISH AMERICAN TOBACCO P.L.C., et al.,<br><br>Defendants. | Case No. 1:26-cv-274 |

**DECLARATION OF RAJ PAREKH IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

I, Raj Parekh, declare as follows:

1. I am a partner at the law firm Sparacino PLLC, which is counsel of record for Plaintiffs in this action. I am a member in good standing of the bars of Virginia, New York, New Jersey, and the District of Columbia, and I am admitted to practice before this Court.

2. I submit this declaration in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss Amended Complaint ("Plaintiffs' Opposition").

3. Because Defendants have challenged personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) [Dkt. No. 44 at 8-18], including claiming Plaintiffs' certification is "conclusory," this declaration is submitted for the limited purpose of identifying and authenticating information relevant to Defendants' personal jurisdiction arguments, and describing the investigation underlying Plaintiffs' certification in the Amended Complaint (¶ 13) that, based on reasonably available information, Defendants are not subject to jurisdiction in any state's courts of general jurisdiction with respect to the claims arising from the conduct alleged here. This declaration is

not submitted to provide additional factual allegations in support of Plaintiffs' Fed. R. Civ. P. 12(b)(6) arguments.

4. The facts set forth below are based on my personal knowledge; my review of records maintained by our law firm; and my review of publicly available government, court, corporate, and regulatory records concerning Defendants, including records related to Defendants' April 2023 U.S. criminal and civil/regulatory resolutions.

5. Any defined terms used in this declaration have the same meaning as in the Amended Complaint and Plaintiffs' Opposition.

**Facts Relevant to Jurisdiction Under Fed. R. Civ. P. 4(k)(1)(C) and 18 U.S.C. § 2334(a)**

6. On February 5, 2026, other attorneys from our law firm and I participated in a 5:00 p.m. EST video meeting with attorneys from Cravath, Swaine & Moore LLP and Paul Hastings LLP, who confirmed that the two firms jointly represent both Defendants. After the meeting, I sent waiver-of-service forms to Defendants' counsel. Defendants' counsel then confirmed his understanding that, because Defendants are foreign defendants, the 90-day response period under Fed. R. Civ. P. 4(d)(3) would apply. I confirmed that understanding in writing. Based on my personal knowledge and email correspondence in my possession, Defendants' counsel was in the United States and authorized the execution of the waiver-of-service forms on behalf of Defendants on February 5, 2026; both AO 399 waiver-of-service forms are dated "02/05/2026" next to his signature. [Dkt. Nos. 12-13].

7. The Plaintiffs asserting claims arising from the September 28, 2022 terrorist attack—Shiwa Nahadi, Tara Mahmoudzadeh, and the Estate of Omer Mahmoudzadeh—reside in, or are otherwise located in, the Alexandria Division of this District. Am. Compl. ¶ 14.

8. Additionally, according to records maintained by our law firm, at least four

Plaintiffs asserting claims arising from the January 8, 2020 Al Asad Air Base Attack—SGT Stephon Green, his wife (Mentoria Green), and his two minor children (A.G. and S.G.)—reside in the Alexandria Division of this District.

9. According to records maintained by our law firm, Plaintiffs' counsel has not identified any federal judicial district—other than the Eastern District of Virginia—where both categories of Plaintiffs reside or are located: (i) Plaintiffs asserting claims arising from the January 8, 2020 terrorist attack, and (ii) Plaintiffs asserting claims arising from the September 28, 2022 terrorist attack.

**Facts Relevant to Jurisdiction Under Fed. R. Civ. P. 4(k)(2)**

10. Defendant BAT is headquartered in London, and Defendant BATMS is a subsidiary of BAT located in Singapore. Am. Compl. ¶¶ 10, 12, 100. Plaintiffs' counsel has not identified any state of the United States in which either Defendant is incorporated, maintains its principal place of business, or is otherwise "at home."

11. Plaintiffs' jurisdictional allegations concern conduct directed at the United States as well as its nationwide financial system as a whole. Am. Compl. ¶¶ 13, 126-27, 244-47, 249.

12. Plaintiffs' counsel investigated whether either Defendant is subject to claim-specific personal jurisdiction, for the claims asserted in this action, in any individual state's courts of general jurisdiction. That investigation included reviewing Defendants' corporate domiciles; Defendants' public filings; the locations of the conduct alleged in the Amended Complaint; the U.S. contacts described in Defendants' April 2023 U.S. criminal and civil/regulatory resolution materials; and public corporate and business-history materials concerning Defendants' U.S. contacts.

13. The publicly available U.S. criminal and civil/regulatory records concerning

Defendants, including the Statement of Offense, Plea Agreement, and Office of Foreign Assets Control Settlement Agreement referenced in the Amended Complaint and attached as exhibits to Defendants' Declaration of Benjamin W. Snyder [Dkt. No. 45], refer to U.S. financial institutions, U.S. correspondent accounts, "twelve" U.S. banks, and "228" U.S.-dollar payments totaling over $251 million related to Defendants' conduct. [Dkt. No. 45-3] at 3; Am. Compl. ¶¶ 15, 244-47. Based on counsel's investigation to date, Plaintiffs have not identified any individual state in which either Defendant would be subject to personal jurisdiction in that state's courts of general jurisdiction over the claims asserted in this action.

14. Defendants' Motion to Dismiss, memorandum in support thereof, and accompanying declaration with exhibits [Dkt. Nos. 43-45] do not identify any state in which Defendants contend that either Defendant is subject to personal jurisdiction over Plaintiffs' claims.

15. According to records maintained by our law firm, every living Plaintiff resides in the United States, other than four living Plaintiffs who reside in a U.S. territory. Although the venue for Defendants' April 2023 criminal resolution was the U.S. District Court for the District of Columbia, Plaintiffs' counsel is unaware of any Plaintiff in the instant civil action who resides in the District of Columbia, including when the Amended Complaint was filed. Based on counsel's investigation to date, Plaintiffs have not identified the District of Columbia Superior Court—or any state court of general jurisdiction—as a forum that would have jurisdiction over either Defendant for the Anti-Terrorism Act claims asserted here.

**<u>Exhibits in Support of Plaintiffs' Opposition</u>**

16. Attached to this declaration as <u>Exhibit 1</u> is a true and correct copy of the Information filed in *United States v. British American Tobacco p.l.c., et al.*, No. 23-cr-118 (D.D.C. Apr. 7, 2023). Am. Compl. ¶ 15. Paragraph 2 of BAT's Deferred Prosecution Agreement [Dkt.

No. 45-1] provides that BAT "admits, accepts, and acknowledges" that "the allegations described in the Information . . . are true and accurate." Paragraph 32 of the Information notes that certain offenses "were begun and committed outside the jurisdiction of any particular State or district of the United States."

17. Attached to this declaration as Exhibit 2 are true and correct copies of relevant excerpts from BAT's webpage titled "Our History," BAT's and Reynolds American Inc.'s 2017 Securities Act Rule 425 submission, "BAT Announces Agreement to Acquire Reynolds," and BAT's 2026 Consumer Analyst Group of New York (CAGNY) Conference Presentation. These materials are cited on page 10 of Plaintiffs' Opposition solely in response to Defendants' jurisdictional burden and reasonableness arguments. They concern BAT's history and business interests in the United States and provide context for BAT's familiarity with the United States.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: June 29, 2026
McLean, Virginia

*/s/ Raj Parekh*
Raj Parekh (Va. Bar No. 101209)